```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
KERRI WARRENER,                    )
                                   )
          Plaintiff,               )
                                   )
          v.                       )   C.A. No. 14-424 S
                                   )
AAA OF SOUTHERN NEW ENGLAND;       )
JOHN NARDOLILLO, in his            )
individual and official            )
capacities,                        )
                                   )
          Defendants.              )
_____)
```

**<u>ORDER</u>**

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Kerri Warrener, has filed suit against Defendants, AAA of Southern New England ("AAA") and John Nardolillo, Vice President of Automotive Services, for sex and disability discrimination, retaliation, and violation of both the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA") and the federal Family and Medical Leave Act ("FMLA"). (Compl., ECF No. 1-3.) Now before the Court is Defendants' Partial Motion to Dismiss (ECF No. 2), seeking dismissal of Counts 10 and 12 of the complaint for failure to state a claim for interference under the RIPFMLA and FMLA (collectively "Leave Laws").[1]  For the reasons set forth below,

---

[1] Defendants also moved to dismiss Counts 1-9 as to

Defendants' Motion is GRANTED as to Count 10 and DENIED as to Count 12.

I.  Background[2]

Warrener was hired by AAA as a Road Service Counselor in 1989, and was promoted to Assistant Manager of the Road Service Call Center in 2007.  Warrener suffered from anxiety and depression, substantially limiting her major life activities, but not preventing her from performing the essential functions of her job.  These conditions constituted disabilities of which Defendants were aware, and Defendants considered her disabled. On July 2, 2012, she requested a 3-month medical leave of absence as a "reasonable accommodation."  In a memo dated October 1, 2012, the day before Plaintiff's scheduled return from medical leave, Defendant Nardolillo, the Vice President of Automotive Services at AAA, recommended that she be fired based on "perceived personal relationships" with subordinates.  On October 2, 2012, the day Plaintiff returned from leave, she was fired.  Other AAA managers who engaged in "personal

---

Defendant John Nardolillo, but in the alternative, requested that litigation be stayed on those counts pending decision of the question certified to the Rhode Island Supreme Court in Mancini v. City of Providence, C.A. No. 13-92S.  This Court denied the request for dismissal, but granted the stay.  This Order thus addresses only Defendants' arguments pertaining to Counts 10 and 12.

[2] The facts set forth here reflect those alleged in Warrener's complaint, and are limited to what is relevant for purposes of ruling on Defendants' Motion to Dismiss.

relationships" with subordinates, including Nardolillo, were not fired.

II. Discussion

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court is permitted to dismiss an action for failure to state a claim upon which relief may be granted. Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009). A complaint must give the defendant fair notice of the claim and the grounds for the claim, and must allege a plausible entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558 (2007). In reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true the well-pleaded facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013). The Court need not, however, accept legal conclusions as true, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and a "formulaic recitation of the elements of a cause of action" is not sufficient, Twombly, 550 U.S. at 555.

The Leave Laws entitle employees to leave when certain conditions are met, and prohibit an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of" the employee's rights provided by those laws. 29 U.S.C. § 2615(a)(1); R.I. Gen. Laws § 28-48-5(a); see also Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 718 (1st Cir.

3

2014).  In Counts 10 and 11 of her complaint, Warrener claims that Defendants violated her FMLA rights, alleging that Defendants "interfered with, restrained and denied" her FMLA rights (Count 10), and that Defendants retaliated against her for exercising her right to medical leave (Count 11).  In Count 12, she alleges that Defendants "discriminated against" her and "violated her statutory rights" under the RIPFMLA.

Defendants first take issue with the adequacy of Warrener's pleadings on her eligibility and entitlement to take leave.  An employee must have worked 12 consecutive months, and at least 1,250 hours during that 12-month period, to be eligible for leave under the FMLA, 29 U.S.C. § 2611(2), and have been employed for 12 consecutive months under the RIPFMLA, R.I. Gen. Laws § 28-48-2(a).  Defendants claim that Warrener did not plead these facts with specificity.  They further claim that she did not adequately plead her entitlement to leave because she did not allege that her anxiety and depression made her unable to perform her job, or that it is a "serious health condition" as required by the FMLA.  29 U.S.C. § 2612(a)(1)(D).

The Court finds that Warrener has pleaded sufficient facts to establish her entitlement to and eligibility for leave. Warrener alleged that she worked at AAA since 1989, was promoted in 2007, and was fired in 2012, and that she was an employee within the meaning of the FMLA and RIPFMLA.  Based on this, the

natural inference would be that her work at AAA lasted at least 12 consecutive months. She also alleges that AAA "regarded [her] as disabled," that her anxiety and depression limited her major life activities and were permanent conditions, and that she requested, and was granted, medical leave as an "accommodation," presumably for her disability. For purposes of evaluating a complaint under Rule 12(b)(6), these facts plausibly establish Warrener's eligibility for and entitlement to leave.

Defendants next contend that Warrener's interference claims fail because she received all of the leave to which she could have been entitled. A claim for interference under the FMLA must establish that: (1) the plaintiff was eligible for the Leave Laws' protection; (2) the employer was covered by the Leave Laws; (3) the plaintiff was entitled to leave; (4) the plaintiff gave her employer notice of intent to take leave; and (5) the employer denied the plaintiff her right to the Leave Laws' benefits to which she was entitled. Surprise v. Innovation Grp., Inc., 925 F. Supp. 2d 134, 145 (D. Mass. 2013). The FMLA guarantees the right to reinstatement to the same position or its equivalent upon return from leave. 29 U.S.C. § 2612(a)(1); Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 330 (1st Cir. 2005).

Warrener's allegations make clear that she took a leave of 12 weeks, and thus, according to Defendants, she cannot claim she was denied leave. Her interference claims can therefore only be based on Defendants' failure to restore her to her prior job. However, Defendants argue, Warrener cannot have an FMLA interference claim based on her entitlement to restoration alone, because such a claim is essentially a retaliation claim "masquerading as" an interference claim. Dressler v. Cmty. Serv. Commc'ns, Inc., 275 F. Supp. 2d 17, 24-25 (D. Me. 2003) aff'd, 115 F. App'x 452 (1st Cir. 2004). Warrener indeed explicitly asserts in Count 11 that Defendants retaliated against her for exercising her FMLA-protected right to medical leave.

The First Circuit has recognized that a plaintiff may claim both interference and retaliation. Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 159 (1st Cir. 1998); Colburn, 429 F.3d at 332. As Colburn states, "[t]he term 'interference' may, depending on the facts, cover both retaliation claims [] and non-retaliation claims." Colburn, 429 F.3d at 331 (citing Hodgens, 144 F.3d at 159-60). The elements of interference and retaliation claims differ in that, to establish retaliation, a plaintiff must prove by a preponderance of the evidence that an employer's adverse action was in retaliation for the exercise of

protected rights, whereas an interference claim does not depend on the employer's motive. Id. at 332.

In certain instances, however, a "non-retaliation" claim for interference cannot be supported, because the facts alleged only substantiate a retaliation-based claim. In Dressler, where the plaintiff argued that his employer interfered with his FMLA right to restoration, the court found that:

> Dressler's argument that he was "not restored" because he was taking intermittent leave is really an argument that an adverse employment action (layoff) was imposed on him because he was taking leave. This argument is, inherently, a retaliation argument. For if the taking of leave was a material factor in the decision to terminate his employment, it would amount to retaliation, not mere interference with or denial of the right to be restored.

Dressler, 275 F. Supp. 2d at 24.

As Defendants point out, Warrener's FMLA interference claim could only be based on her right to reinstatement, given that she was not denied leave. She is only entitled to restoration, however, if she was wrongfully terminated based on her having taken leave under FMLA. Conversely, if she was terminated for reasons unrelated to her having taken leave under FMLA, she would not be entitled to restoration and thus could not claim her FMLA rights were violated. See, e.g., Carrero-Ojeda, 870 F. Supp. 2d at 320 (FMLA does not entitle an employee to reinstatement if the employee is discharged for reasons unrelated to her leave); Gunnell v. Utah Valley State Coll., 152

7

F.3d 1253, 1262 (10th Cir. 1998) (employees who request FMLA leave do not have greater protection against termination for reasons not related to the request than they would prior to submitting the request).  Therefore, while motive does not impact interference claims under Colburn, 429 F.3d at 331, in this instance, only if Defendants terminated Warrener for retaliatory reasons could she establish her right to FMLA relief.  Her claim is thus, in essence, a claim for retaliation. See, e.g., Mellen v. Trs. of Boston Univ., 504 F.3d 21, 26-27 (1st Cir. 2007) ("[W]hatever label a claim is given, what matters is 'whether the plaintiff is, at bottom, claiming that the employer denied his or her substantive rights under the FMLA or that the employer retaliated against him or her for having exercised or attempted to exercise those rights.'" (quoting Colburn, 429 F.3d at 332)); Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 282 (6th Cir. 2012) (where "the essence of [plaintiff's] claim is retaliation, not interference," the claim should be analyzed as a retaliation claim).

   The Court thus agrees with Defendants that Warrener has not alleged facts under the FMLA sufficient to set forth an interference claim separate from her retaliation claim.  Count 10, alleging interference under the FMLA, therefore fails to state a claim, and must be dismissed.

Although Defendants refer to Warrener's interference claim under the RIPFMLA, it is not apparent to the Court that Warrener has attempted to state such a claim.  Count 12, which alleges discrimination and violation of Warrener's statutory rights under RIPFMLA, makes no mention of Defendants having "interfered with" Warrener's right to leave, as Count 10 does.  Nothing in the language of Count 12 suggests that Warrener meant to set forth a claim for interference.  Thus, Defendants' arguments do not warrant dismissal of Warrener's RIPFMLA claims in Count 12.

III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to Count 10 and DENIED as to Count 12, and Count 10 of Warrener's complaint is hereby DISMISSED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  September 16, 2015