UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
KERRI WARRENER,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 14-424 S
                                   )
AAA OF SOUTHERN NEW ENGLAND;       )
JOHN NARDOLILLO, in his            )
individual and official capacities )
                                   )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion for Reconsideration of the Court's dismissal of Count 10 of her Complaint ("Plaintiff's Motion") (ECF No. 14). The Court hereby DENIES Plaintiff's Motion for the reasons that follow.

The First Circuit has instructed that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). To prevail, the movant must present "newly discovered evidence, a manifest error of law, or that the court patently misunderstood a party's argument." Adams v. Melnick, 2015 U.S. Dist. LEXIS 67985, *14 (D.R.I. May 26, 2015) (internal quotation marks omitted)

(quoting In re Loestrin 24 Fe Antitrust Litig., No. 1:13-MD-2472-S-PAS, 2015 U.S. Dist. LEXIS 18693, at *1 (D.R.I. Feb. 17, 2015)). Plaintiff fails to meet this high bar.

The only basis Plaintiff presents for her motion is that she has since "bec[o]me aware of an unpublished decision issued by this Court in Barlow v. Dan's Payroll Service, Inc., C.A. No. 10-428S, 2012 WL 5522652 (D.R.I. 2012)." (Pl.'s Mot. 1, ECF No. 14-1 (emphasis in original).) First, as Defendants point out, "[t]his [2012] case is readily available on Lexis and Westlaw and Plaintiff could have discovered the case and cited it at the time Plaintiff filed her opposition papers." (Defs.' Opp'n 2 n.2, ECF No. 17.) Second, the Court agrees that Barlow is inapposite for the reasons outlined in Defendants' opposition. (See id. at 2-3.)

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is hereby DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
———————————
William E. Smith
Chief Judge
Date:  January 21, 2016